UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOK
-------------------------------------------------------------------x

KIMMIEKAKES LLC,

        Plaintiff,

  -against-

PLEATED LLC and HANXIAO ZHAO
a/k/a LULU ZHAO,

        Defendants.
-------------------------------------------------------------------x

Case No. 1:23-cv-01837

**COMPLAINT**

      Kimmiekakes LLC ("Kimmiekakes") for its Complaint against Pleated LLC ("Pleated") and Hanxiao Zhao a/k/a Lulu Zhao ("Ms. Zhao") states:

    1.    Kimmiekakes, a high-end fashion design business, brings this action against its former employee, Ms. Zhao, and her company, Pleated, for their abuse and exploitation of Ms. Zhao's position at Kimmiekakes to not only solicit Kimmiekakes' clients, but then to use Kimmiekakes' clothing patterns, offices, personnel, and property to fill orders for their own financial gain.

    2.     Kimmiekakes asserts claims for breach of fiduciary duty, faithless servant, aiding and abetting breach of fiduciary duty, tortious interference, conversion, unjust enrichment, and misappropriation of trade secrets (under Federal and New York State law).

## THE PARTIES

    3.    Kimmiekakes LLC is a limited liability company organized under the laws of the State of New York, with a place of business at 215 West 40th Street Suite 11B, New York, NY 10018. Its single member, Kim Nguyen, is a citizen of California.

    4.    On information and belief, defendant Pleated LLC is a limited liability company organized under the laws of the state of New York, formed on October 25, 2022, with a principal

office located at 270 12th St., Apt 3, Brooklyn, NY 11215, and whose members are citizens of New York.

5.      On information and belief, defendant Hanxiao Zhao a/k/a Lulu Zhao is natural person, domiciled in New York, who lives and works at 270 12th St., Apt 3, Brooklyn, NY 11215.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because it is a dispute between citizens of different states and the matter in controversy exceeds $75,000.

7.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because the Complaint asserts a claim under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(1), and presents a federal question.  The Court has supplemental jurisdiction over all other claims asserted herein pursuant to 28 U.S.C. § 1367(a) because the claims are so related to the DTSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper under 28 U.S.C. § 1391(b) because this civil action is filed in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATEMENT OF FACTS

**Ms. Zhao Joins Kimmiekakes As a Seamstress and Moves Up**

9.      Kim Nguyen founded Kimmiekakes in 2005. Kimmiekakes' principal business is the design and manufacture of high-end employee apparel for businesses, including hotels, restaurants, and cruise operators. It is a leader in the industry and its clients include some of the best-known businesses in the service and hospitality industry.

10.     In 2012, Kimmiekakes hired defendant Lulu Zhao as a part-time seamstress.

11. At the time of hiring, Ms. Zhao's English language skills were limited. Ms. Nguyen helped Ms. Zhao develop her language skills so that she could interact with clients.

12. After receiving additional training from Kimmiekakes, Ms. Zhao achieved several promotions, first becoming a Production Assistant and later a Production Manager. To help Ms. Zhao advance her career, Ms. Nguyen placed Ms. Zhao in charge of several fashion brand businesses, including "Into The Night," an affordable, fashion-forward women's clothing brand.

13. With her advancement in position, Ms. Zhao also received commensurate increases in her compensation. By 2019, Kimmiekakes was paying Ms. Zhao more than $104,000 per year in salary and bonus.

14. In August 2019, Ms. Nguyen decided to relocate her personal residence to California, while maintaining Kimmiekakes' business operations in New York. As part of that relocation, Ms. Nguyen and Ms. Zhao agreed that Ms. Zhao would serve as the senior manager, managing the day-to-day operations of the business and its employees, while Ms. Nguyen would oversee the company, mainly from California.

15. With these responsibilities, Ms. Zhao was to be, and was in fact, privy to a significant amount of confidential and economically valuable business and client information, including the full list of Kimmiekakes clients, client contacts, client order histories, and client style preferences ("Client Information") and how Kimmiekakes priced its orders ("Pricing Information").

16. To ensure that Ms. Nguyen would be apprised of the company's business, Ms. Zhao agreed to "cc" Ms. Nguyen on all email communications and to communicate with her frequently, including daily updates.

**Ms. Zhao and Pleated Misappropriate Kimmiekakes' Business**

17. Despite her assurances of diligence and fidelity, no sooner had Mr. Nguyen left for California, then Ms. Zhao began what was, upon information and belief, a years' long secret campaign to misappropriate the resources and divert the business of Kimmiekakes to her own personal benefit.

18. Upon information and belief, to fool Kimmikakes' current and potential clients and to lure away its business, in August 2019, Ms. Zhao deceptively created a new private email account for herself that incorporated the trademarked "Kimmiekakes" name: "lulu.kimmiekakes@gmail.com."

19. Then, aided by her husband, Bill Ferguson, Mr. Zhao began soliciting and diverting clients from Kimmiekakes for her own financial benefit, and coopting Kimmiekakes' resources to solicit and fill these illegally diverted business opportunities.

20. Upon information and belief, Ms. Zhao operated by soliciting clients through her official lulu@kimmiekakes.com email and then asking them to switch to texting with her on her personal cell phone where communications could go unmonitored.

21. Ms. Zhao was able to illicitly divert Kimmiekakes client opportunities in this way and convert them to orders for her own financial benefit, which she would fill by exploiting Kimmiekakes' patterns, personnel, offices, and other resources, and deceiving even the Kimmiekakes' personnel who worked on the orders.

22. One example is the fine dining restaurant, SAGA. SAGA had been a client with Kimmiekakes. In March 2022, SAGA contacted Kimmiekakes regarding the possibility of Kimmiekakes managing the production of SAGA's uniforms.

23. Ms. Zhao then began negotiating the uniform order without informing Ms. Nguyen, in breach of the obligations she undertook when Ms. Nguyen put her in charge of daily operations.

24. Ms. Zhao sent a calendar invite from her company email to SAGA personnel for an April 19, 2022 call to discuss "Kimmiekakes x SAGA Uniforms." Ms. Nguyen was not on the calendar invite and was not aware of the call.

25. On or about May 2, 2022, Ms. Zhao sent an email to a SAGA representative offering SAGA one of Kimmiekakes' bar uniforms. Ms. Nguyen was not cc'd.

26. In or about September 2022, Ms. Zhao informed Ms. Nguyen for the first time that SAGA was interested in placing a uniform order, but stated that she had a number of concerns about the order, including some financial concerns and that Kimmiekakes was too busy with other client matters to handle the order. As a result of Ms. Zhao's representations, Ms. Nguyen agreed to forego the opportunity.

27. What Ms. Nguyen did not know is that the SAGA order was, at that point, upon information and belief, fully, or almost fully, negotiated, and that Ms. Zhao was secretly arranging for her own company, the soon to be formed Pleated LLC, to manage SAGA's production and profit from it.

28. In October 2022, while still employed by Kimmiekakes, Ms. Zhao formed her competing business entity: defendant Pleated LLC.

29. Ms. Zhao and Pleated, through Ms. Zhao, took the order from SAGA, as well as, upon information and belief, orders from other Kimmiekakes clients, and then filled them by utilizing Kimmiekakes' patterns, offices, personnel and other property.

30. Ms. Zhao later admitted -- when confronted on January 9, 2023 -- that she was communicating about the diverted order with SAGA through her "lulu@pleated.com" email account.

31. After she was terminated, Kimmiekakes also discovered Kimmiekakes-patterned uniforms with a "Pleated" mark sewn on them under Ms. Zhao's desk. True and correct images of the clothing bearing "Pleated" marks are attached hereto as Exhibit A.

**Ms. Zhao Engages in Other Misconduct**

32. While Ms. Zhao was diverting business and developing her own competing business, she neglected Kimmiekakes' clients. As a result, Kimmiekakes lost business and clients.

33. In November 2022, Kimmiekakes was working with a client to design and manufacture security guard uniforms as part of a more than $210,000 order. As a result of Ms. Zhao's inattention, the client terminated the relationship, with the client contact stating that he no longer wanted anything to do with Kimmiekakes because of the incompetence of "that horrible woman."

34. Ms. Zhao and Pleated also outright stole Kimmiekakes patterns, which, upon information and belief, they were gathering for the purpose of using if and when Ms. Zhao was terminated from or left Kimmiekakes. For example, on November 7, 2022, Ms. Zhao forwarded at least eight different DXF (CAAD) files with renderings of various Kimmiekakes styles to her personal email account. Similarly, upon information and belief, in October 2022, Ms. Zhao had DXF files created for nine different patterns that Kimmiekakes had worked on with the high-end fashion house, "Public School." Upon information and belief, she had the files created to use as part of Pleated's new and illicit business.

**Ms. Zhao's Scheme is Revealed**

35. Ms. Zhao's disloyalty came to light when a co-worker discovered what Ms. Zhao was doing and alerted Ms. Nguyen.

36. Upon being discovered, Ms. Zhao promptly deleted all of the emails in her "[lulu@kimmiekakes.com](mailto:lulu@kimmiekakes.com)" inbox. She did not delete all of the "sent" emails, which has allowed Kimmiekakes to discover some of Ms. Zhao's misconduct. However, much of Ms. Zhao's communication with clients appears to have occurred over text message and through other email accounts that Kimmiekakes does not have access to.

37. Kimmiekakes terminated Ms. Zhao's employment on January 9, 2023.

38. On January 9th and 17th, 2023, Ms. Nguyen met face-to-face with Ms. Zhao. During those meetings Ms. Zhao admitted wrongdoing and to having been "selfish and greedy."

## COUNT I
### Breach of Fiduciary Duty
(Against Ms. Zhao)

39. Kimmiekakes repeats and realleges each of the foregoing paragraphs.

40. As the employee entrusted with Kimmiekakes' day-to-day operations of the company, Ms. Zhao was Kimmiekakes fiduciary and was bound exercise the utmost good faith and loyalty in the performance of her duties.

41. Ms. Zhao breached her fiduciary duties to Kimmiekakes by, among other things:

   a. deceptively creating a separate email account with the "kimmiekakes" name in order to lure business away from Kimmiekakes;

   b. soliciting and diverting Kimmiekakes clients and potential clients, including SAGA, in order to secure and fill these clients' orders for her own financial benefit and at the expense of Kimmiekakes;

7

    c.  using Kimmiekakes patterns, property, personnel, offices, and other resources in order to fill uniform orders for her own competing business, without the consent, and at the expense of Kimmiekakes;

    d.  stealing DFX/CAAD renderings of Kimmiekakes uniforms, including by sending them to her personal email address;

    e.  repeatedly disclosing client information to her husband, Mr. Ferguson; and

    f.  affirmatively neglecting significant Kimmiekakes accounts while she instead focused her efforts on growing her competing "Pleated" business line, causing Kimmiekakes to lose business.

42. Ms. Zhao's breaches of her fiduciary duties were a substantial factor in causing Kimmiekakes to sustain damages.

43. As a result of Ms. Zhao's breaches of her fiduciary duties, Kimmiekakes has been damaged in an amount to be determined at trial.

## COUNT II
### Faithless Servant
(Against Ms. Zhao)

44. Kimmiekakes repeats and realleges each of the foregoing paragraphs.

45. As the employee entrusted with day-to-day operations of the company, Ms. Zhao owed fidelity to Kimmiekakes.

46. Ms. Zhao was faithless in the performance of her duties when she engaged in repeated acts of disloyalty over the course of more than three-year period from August 2019 through her termination, including:

    a.  deceptively creating a separate email account with the "kimmiekakes" name in order to lure business away from Kimmiekakes;

    b.   soliciting and diverting Kimmiekakes clients and potential clients, including SAGA, in order to secure and fill these clients' orders for her own financial benefit and at the expense of Kimmiekakes;

    c.   using Kimmiekakes patterns, property, personnel, offices, and other resources in order to fill uniform orders for her own competing business, without the consent, and at the expense of Kimmiekakes;

    d.   stealing DFX/CAAD renderings of Kimmiekakes uniforms, including by sending them to her personal email address;

    e.   repeatedly disclosing client information to her husband, Mr. Ferguson; and

    f.   affirmatively neglecting significant Kimmiekakes accounts while she instead focused her efforts on growing her competing "Pleated" business line, causing Kimmiekakes to lose business.

47.    Kimmiekakes is entitled to complete forfeiture of Ms. Zhao's compensation from August 1, 2019 through the date of her termination, totaling not less than $381,000.

### COUNT III
### Aiding and Abetting Breach of Fiduciary Duty
(Against Pleated)

48.    Kimmiekakes repeats and realleges each of the foregoing paragraphs.

49.    As alleged herein, Ms. Zhao breached here fiduciary duties to Kimmiekakes by soliciting and diverting Kimmiekakes business opportunities and converting them into uniform orders for her own benefit, which she filled with Kimmiekakes designed clothing under the Pleated name.

50.    In October 2022, Ms. Zhao formally began operating Pleated as the entity through which she carried out her scheme.

51. Pleated thus knowingly participated in Ms. Zhao's breaches, carrying on its business operations on Kimmiekakes property, through Kimmiekakes personnel, soliciting and selling to Kimmiekakes clients, including SAGA, and substantially assisting Ms. Zhao by providing her with the benefit of the corporate form through which she could conduct business.

52. As a result of Pleated's actions, Kimmiekakes has been damaged in an amount to be determined at trial.

## COUNT IV
### Tortious Interference with Business Relations
(Against Defendants)

53. Kimmiekakes repeats and realleges each of the foregoing paragraphs.

54. Since August 2019, Kimmiekakes has had numerous opportunities to enter into contracts for uniform orders with Kimmiekakes clients, including with SAGA.

55. Ms. Zhao knew about and intentionally interfered with these prospective business relationships by wrongfully diverting the clients' orders, and then filling those orders using Kimmiekakes' patterns, personnel, property, and offices, all for her own financial benefit.

56. Starting in October 2019, Ms. Zhao began conducting her uniform business through Pleated, and thus Pleated became complicit in Ms. Zhao's tortious interference with Kimmiekakes' prospective business relations by wrongfully diverting opportunities away from Kimmiekakes and then filling orders itself, all with Kimmiekakes patterns, personnel, property, and offices.

57. Had it not been for Ms. Zhao and Pleated's interference, Kimmiekakes would have entered into the contracts, including with SAGA.

58. As a result of Ms. Zhao and Pleated's actions, Kimmiekakes has suffered damages in an amount to be determined at trial.

## COUNT V
**Conversion**
(Against Defendants)

59.     Kimmiekakes repeats and realleges each of the foregoing paragraphs.

60.     Without authority or permission, Ms. Zhao and Pleated intentionally took Kimmiekakes property, including, but not limited to, fabric, patterns, and buttons, and used it in their Pleated branded clothing, thereby depriving Kimmiekakes of possession of that property.

61.     Kimmiekakes has suffered damages equal to the total value of all Kimmiekakes property Ms. Zhao and Pleated have individually and collectively converted, which total value shall be determined at trial.

## COUNT VI
**Unjust Enrichment**
(Against Defendants)

62.     Kimmiekakes repeats and realleges each of the foregoing paragraphs.

63.     Defendants have received or benefitted from: Kimmiekakes client contracts, which Defendants or Ms. Zhao have diverted through deception for their own benefit; Kimmiekakes intellectual property, including uniform patterns with which Defendants' have made and sold uniforms without permission; the services of Kimmiekakes personnel, who have assisted in filling Defendants' orders, without knowing they were doing so; and fabric and other supplies that Defendants used to manufacture orders without permission.

64.     In fairness and good conscience, the benefit conferred should not be retained. Defendants should compensate Kimmiekakes in an amount to be determined at trial.

## COUNT VII
**Defense of Trade Secrets Act: Misappropriation of Trade Secrets 18 U.S.C. § 1836(b)(1)**
(Against Defendants)

65.     Kimmiekakes repeats and realleges each of the foregoing paragraphs.

66. The Kimmiekakes Client Information and Pricing Information are trade secrets.

67. They are "secret" in that they are confidential and known only to the employees of Kimmiekakes who need to know such information. Kimmiekakes has developed the Client Information and Pricing Information over many years in the industry, and each provides it with an advantage over its competitors.

68. Through her 11 years of employment with Kimmiekakes, including her three and a half years of handling the day-to-day operations of Kimmiekakes, Ms. Zhao became intimately familiar with the Client Information and Pricing Information.

69. Ms. Zhao and Pleated, through Ms. Zhao, have improperly acquired and used the Kimmiekakes Client Information and Pricing Information for their own financial benefit through breaches of Ms. Zhao's fiduciary obligations of confidentiality, by soliciting Kimmiekakes clients and selling Kimmiekakes patterned uniforms under the Pleated name to Kimmiekakes clients.

70. Unless enjoined by this court, Defendants will continue to improperly exploit Kimmiekakes' trade secrets at the expense of Kimmiekakes.

71. As a result, Defendants are entitled to damages in an amount to be determined at trial and an order permanently enjoining Defendants from using Kimmiekakes Client Information and Pricing Information.

## COUNT VIII
### Misappropriation of Trade Secrets (NY Law)
(Against Defendants)

72. Kimmiekakes repeats and realleges each of the foregoing paragraphs.

73. The Kimmiekakes Client Information and Pricing Information are trade secrets.

74. They are "secret" in that they are confidential and known only to the employees of Kimmiekakes who need to know such information. Kimmiekakes has developed the Client Information and Pricing Information over many years in the industry, and each provides it with an advantage over its competitors.

75. Through her 11 years of employment with Kimmiekakes, including her three and a half years of handling the day-to-day operations of Kimmiekakes, Ms. Zhao became intimately familiar with the Client Information and Pricing Information.

76. Ms. Zhao and Pleated, through Ms. Zhao, have improperly acquired and used the Kimmiekakes Client Information and Pricing Information for their own financial benefit through breaches of Ms. Zhao's fiduciary obligations of confidentiality, by soliciting Kimmiekakes clients, and by selling Kimmiekakes-patterned uniforms under the Pleated name to Kimmiekakes clients.

77. Unless enjoined by this court, Defendants will continue to improperly exploit Kimmiekakes' trade secrets at the expense of Kimmiekakes.

78. As a result, Defendants are entitled to damages in an amount to be determined at trial and an order permanently enjoining Defendants from using Kimmiekakes Client Information and Pricing Information.

WHEREFORE, Plaintiff demands judgment against Defendants Pleated LLC and Hanxiao Zhao as follows:

1) Money damages in an amount to be determined at trial, but in no event less than $200,000;

2) Forfeiture of compensation received by Ms. Zhao in the amount of at least $381,000;

3) Restitution in an amount to be determined at trial;

4) A permanent injunction forbidding Defendants Ms. Zhao and Pleated from using Kimmiekakes trade secrets, including its Client Information and Pricing Information; and

5) Costs and such other and further relief that the Court deems just and proper.

Dated: New York, New York
March 2, 2023

    SOLOMON CRAMER & SUMMIT LLP
    *Attorneys for Plaintiff*

    By: /s/Andrew T. Solomon
        Andrew T. Solomon
        asolomon@solomoncramer.com
        Clark Freeman
        clark@solomoncramer.com

    25 West 39th Street, 7th Floor
    New York, New York 10018
    (212) 884-9102