UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOK
-------------------------------------------------------------------x

KIMMIEKAKES LLC,

        Plaintiff,

-against-

PLEATED LLC and HANXIAO (aka LULU) ZHAO,

        Defendants.

-------------------------------------------------------------------x

Case No. 1:23-cv-01837-KPF

**CONFIDENTIALITY STIPULATION AND RULE 502(d) AND PROTECTIVE ORDER**

    WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party, including any third-party producing documents or information in this action, may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

    3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order

constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the production, use, or admissibility of the Confidential Information.

    4.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including any person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

    5.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. All transcripts of depositions taken in this Action shall be treated as Confidential Information in their entirety for fifteen (15) days after actual receipt of a copy of the deposition transcript by the party asserting the confidentiality privilege. During the fifteen (15) day period, any party may designate as "CONFIDENTIAL" any portion of the transcript, by page and line and deposition exhibits in accordance with paragraph "1" herein, and such designation must be

provided to all counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibit not so designated during the fifteen (15) day period will not be treated as Confidential Information.

11. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "CONFIDENTIAL" under the terms hereof.

12. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal. A party seeking to file publicly information that another party has designated as CONFIDENTIAL shall provide the designating party with reasonable notice so that (a) the designating party may advise whether it maintains the designation with respect to the information, and if so, (b) the designating party may cooperate with the filing party in the preparation and filing of the Court's required letter motion for filing redacted or sealed documents.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, upon notice to the designating party.

15. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by motion to the Court or to challenge any designation of confidentiality under the Federal Rules of Civil Procedure or the Local Rules of this Court.

SO STIPULATED AND AGREED.

Dated: June 30, 2023
      New York, New York

| SOLOMON CRAMER & SUMMIT LLP | PECHMAN LAW GROUP PLLC |
|---|---|
| *(signature)* | *(signature)* |
| Andrew T. Solomon | Gianfranco J. Cuadra |
| asolomon@solomoncramer.com | cuadra@pechmanlaw.com |
| Clark A. Freeman | Louis Pechman |
| clark@solomoncramner.com | pechman@pechmanlaw.com |
| 25 West 39th Street, 7th Floor | Camille Sanchez |
| New York, New York 10018 | sanchez@pechmanlaw.com |
| (212) 884-9102 | 488 Madison Avenue – 17th Floor |
| | New York, New York 10022 |
| | (212) 583-9800 |
| *Attorneys for Plaintiff and Counterclaim Defendants* | *Attorneys for Defendants and Counterclaim Plaintiff* |

SO ORDERED.

Dated: July 5, 2023
      New York, New York

*(signature: Katherine Polk Failla)*
_____
Hon. Katherine Polk Failla
U.S. District Court Judge

```
For the avoidance of doubt, this confidentiality agreement does
not bind the Court or any of its personnel. In addition, the
Court will retain jurisdiction over the terms and conditions of
this agreement only for the pendency of this litigation. The
parties are directed to the Court's Individual Rules of Practice
in Civil Cases for any redaction issues that may arise. See Rule
9.
```

**EXHIBIT A**

**Agreement**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Kimmiekakes LLC vs. Pleated LLC and Hanxiao Zhao*, No. 1:23-cv-01837-KPF have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20\_\_

_____     _____
Name (printed)              Signature

Signed in the presence of:

_____ (Attorney)